UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

S.M.S.,

                          Plaintiff,

v.                                                       6:17-CV-0368
                                                          (WBC)
COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.
_____

APPEARANCES:                                         OF COUNSEL:

OLINSKY LAW GROUP                      HOWARD OLINKSY, ESQ.
  Counsel for Plaintiff
300 S. State St., Ste. 420
Syracuse, NY 13202

LAW OFFICES OF                            TRICIA M. JACOBS, ESQ.
THOMAS M. LIBBONS, P.C.
  Counsel for Plaintiff
175 State Street, Fifth Floor
Springfield, MA 01104

U.S. SOCIAL SECURITY ADMIN.         FERGUS KAISER, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

      This matter was referred to me, for all proceedings and entry of a final judgment, pursuant to the Social Security Pilot Program, N.D.N.Y. General Order No. 18, and in accordance with the provisions of 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, N.D.N.Y. Local Rule 73.1 and the consent of the parties. (Dkt. Nos. 4, 17.).

Currently before the Court, in this Social Security action filed by S.M.S. ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are the parties' cross-motions for judgment on the pleadings. (Dkt. Nos. 13, 14.) For the reasons set forth below, Plaintiff's motion is denied and Defendant's motion is granted.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born in 1979. (T. 202.) She completed the 11th grade. (T. 357.) Generally, Plaintiff's alleged disability consists of stroke and chronic headaches. (T. 356.) Her alleged disability onset date is September 18, 2012. (T. 202.)

### B. Procedural History

On November 26, 2012, Plaintiff applied for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. (T. 353.) Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ"). On December 9, 2014, Plaintiff appeared before the ALJ, Kim K. Griswold. (T. 125-173.) On February 1, 2016, ALJ Griswold issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 83-124.) On February 6, 2017, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-8.) Thereafter, Plaintiff timely sought judicial review in this Court.

### C. The ALJ's Decision

Generally, in her decision, the ALJ made the following five findings of fact and conclusions of law. (T. 88-118.) First, the ALJ found Plaintiff had not engaged in

substantial gainful activity since November 26, 2012. (T. 88.) Second, the ALJ found Plaintiff had the severe impairments of obesity, cerebrovascular accident versus conversion reaction with mild left sided weakness, right ankle arthritis, right ankle injury, and depression. (*Id.*) The ALJ determined Plaintiff's problems with IBS, migraines, stress incontinence, endometriosis, right wrist ganglion cyst, sickle cell trait, alcohol dependence, and trichonoma vaginitis were non-severe impairments. (T. 105.) Third, the ALJ found that Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1. (T. 106.) Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform:

> light work as defined in 20 C.F.R. [§] 416.967(b)[1] except she can stand and walk two hours daily. She cannot perform overhead reaching with the bilateral upper extremities. She can occasionally stoop and climb ramps and stairs. [Plaintiff] cannot crouch, crawl, kneel, balance, or climb ladder[s], ropes, or scaffolds with any measurable regularity. She cannot tolerate exposure to extreme cold, vibration, or hazards (such as dangerous moving machinery and unprotected heights). [Plaintiff] can understand, remember, and carry out simple instructions for routine tasks throughout an ordinary workday and workweek with normal breaks on a sustained basis without strict rate, pace, or production requirements. She can respond appropriately to occasional and superficial contact with coworkers and the general public. She can respond appropriately to supervisory directions and feedback for simple work related matters. [Plaintiff] can adapt to simple and occasional change in the routine work setting. She may occasionally require use of a cane for ambulating longer distances over one block outside the home.

---

[1] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. § 416.967(b).

(T. 110.) Fifth, the ALJ determined Plaintiff was incapable of performing her past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform. (T. 116-118.)

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff makes one argument in support of her motion for judgment on the pleadings. Plaintiff argues the ALJ erred at step by concluding two her migraine headaches were a non-severe impairment despite the medical evidence supporting a contrary finding. (Dkt. No. 13 at 1-15 [Pl.'s Mem. of Law].)

### B. Defendant's Arguments

In response, Defendant makes one argument. Defendant argues the ALJ's step two determination was supported by substantial evidence. (Dkt. No. 14 at 8-12 [Def.'s Mem. of Law].)

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be

deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.     Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV. ANALYSIS

At step two of the sequential evaluation process, the ALJ must determine whether the plaintiff has a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *See* 20 C.F.R. § 416.920(c)[2]. The plaintiff bears the burden of presenting evidence establishing severity. *Taylor v. Astrue*, 32 F. Supp. 3d 253, 265 (N.D.N.Y. 2012) (citing *Miller v. Comm'r of Social Sec.,* No. 05-CV-1371, 2008 WL 2783418, at *6-7 (N.D.N.Y. July 16, 2008); *see also* 20 C.F.R. § 416.912(a).

---

[2] Effective March 27, 2017, many of the Regulations cited herein have been amended, as have SSRs. Nonetheless, because Plaintiff's social security application was filed before the new Regulations and SSRs went into effect, the Court reviews the ALJ's decision under the earlier Regulations and SSRs.

Although the Second Circuit has held that this step is limited to "screen[ing] out *de minimis* claims," *Dixon v. Shalala,* 54 F.3d 1019, 1030 (2d Cir.1995), the "mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment" is not, by itself, sufficient to render a condition "severe." *Coleman v. Shalala,* 895 F.Supp. 50, 53 (S.D.N.Y. 1995); *see Prince v. Astrue*, 514 F. App'x 18, 20 (2d Cir. 2013).

Indeed, a "finding of 'not severe' should be made if the medical evidence establishes only a 'slight abnormality' which would have 'no more than a minimal effect on an individual's ability to work.'" *Rosario v. Apfel,* No. 97-CV-5759, 1999 WL 294727, at *5 (E.D.N.Y. March 19, 1999) (quoting *Bowen v. Yuckert,* 482 U.S. 137, 154 n.12, 107 S.Ct. 2287 (1987)).

In addition, "[w]here an ALJ has omitted an impairment from step two of the sequential analysis, other courts have declined to remand if the ALJ clearly considered the effects of the impairment in the remainder of his analysis." *Chavis v. Astrue*, No. 07-CV-0018, 2010 WL 624039, at *12 (N.D.N.Y. Feb.18, 2010); *Reices-Colon v. Astrue*, 523 F. App'x 796, 798 (2d Cir. 2013) (finding the alleged step two error harmless because the ALJ considered the plaintiff's impairments during subsequent steps); *see also* 20 C.F.R. § 416.923 (stating that the ALJ is required to consider the "combined effect of all of [plaintiff's] impairments without regard to whether any such impairment, if considered separately would be of sufficient severity"). It has been well established that "[b]ecause step two merely serves as a filter to screen out *de minimis* disability claims, a finding of any severe impairment, whether attributable to a single condition or a combination of conditions, is enough to satisfy its requirements." *Kessler v. Colvin*, 48

F. Supp. 3d 578, 593 (S.D.N.Y. 2014) (citing *Fortier v. Astrue*, No. 10-CV-01688, 2012 WL 3727178, at *9 (D. Conn. May 11, 2012)).

At step two the ALJ determined Plaintiff's migraine headaches were a non-severe impairment. (T. 105.) Plaintiff asserts this was in error because the medical evidence indicates Plaintiff had a long history of migraine headaches. (Dkt. No. 13 at 8-12 [Pl.'s Mem. of Law].) Plaintiff asserts the ALJ's error at step two resulted in an improper RFC determination because the opinions relied on by the ALJ in formulating the RFC took into consideration Plaintiff's migraines and the ALJ "did not fully adopt these opinions with respect to their conclusions that migraine headaches were a severe impairment." (*Id.* at 12-13.)

Here, any error the ALJ may have made at step two in determining Plaintiff's migraines were non-severe was harmless because the ALJ found other impairments severe at step two, proceeded with the sequential process, and took any functional limitations caused by migraines into consideration at step four.

In formulating the physical RFC determination, the ALJ afforded "significant weight" to the opinions of non-examining State agency medical consultants, Elaine Hom, M.D. and Ludmila Perel, M.D. (T. 114-115.)[3]

On March 4, 2013, Dr. Hom reviewed the record and concluded Plaintiff had the severe physical impairments of "CVA, Late Effects of Cerebrovascular Disease" and "migraine." (T. 205.) Dr. Hom opined Plaintiff could occasionally lift and carry 20 pounds; frequently lift and carry 10 pounds; stand and/or walk two hours; and sit for "about" six hours in and eight hour workday. (T. 206.) She further opined Plaintiff could

---

[3] Of note, Plaintiff does not assert the ALJ erred in relying on these medical opinions in formulating her physical RFC determination.

occasionally: climb ramps/stairs/ladders/ropes/scaffolds; balance; stoop; kneel; crouch; and crawl. (*Id.*) She opined Plaintiff had no visual, manipulative, or communicative limitations. (T. 206-207.) She opined Plaintiff should avoid concentrated exposure to hazards. (T. 207.)

On December 16, 2013, Dr. Perel reviewed the record. She opined Plaintiff had the severe impairments of "CVA, Late Effects of Cerebrovascular Disease" and "migraine." (T. 230.) Dr. Perel opined Plaintiff could occasionally lift and carry 20 pounds; frequently lift and carry 10 pounds; stand and/or walk two hours; and sit for "about" six hours in and eight hour workday. (T. 232.) She further opined Plaintiff could occasionally: climb ramps/stairs/ladders/ropes/scaffolds; balance; stoop; kneel; crouch; and crawl. (T. 232-234.) She opined Plaintiff had no visual, manipulative, or communicative limitations. (T. 233.) She opined Plaintiff should avoid concentrated exposure to hazards. (*Id.*) The ALJ's RFC determination mirrors the opinions of Drs. Hom and Perel.

Although the ALJ found Plaintiff's migraines to be a non-severe impairment at step two, she fully adopted the functional limitations imposed by Drs. Hom and Perel. Both doctors took into consideration Plaintiff's migraines in formulating their RFC determinations, thus any limitations caused by Plaintiff's migraines were incorporated in their opinions. Therefore, any error at step two was harmless because in formulating her RFC determination the ALJ adopted medical opinions which accounted for limitations imposed by Plaintiff's migraines.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 13) is

**DENIED**; and it is further

ORDERED that Defendant's motion for judgment on the pleadings (Dkt. No. 14) is **GRANTED**; and it is further

ORDERED that Defendant's unfavorable determination is **AFFIRMED**; and it is further

ORDERED that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: July 5, 2018

*Bill Carter*

William B. Mitchell Carter
U.S. Magistrate Judge